SCH | SCHINDLER COHEN & HOCHMAN

July 3, 2026

**By ECF**

Granted.
Denise Cote
7/6/26

Hon. Denise Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Hilltop Securities Inc. v. Odeon Capital Group LLC,* Case No. 26-cv-4536 (DLC)**

Dear Judge Cote:

Pursuant to the Court's Individual Practice § 8(B), Plaintiff respectfully moves for leave to file under seal **Exhibits 1, 3, 9, 16-29, 32, 34–35, 37, and 45–46** to the Declaration of Matthew A. Katz, submitted in support of Odeon Capital Group LLC's Opposition to Hilltop Securities Inc.'s Petition to Partially Vacate Arbitration Award and Cross-Petition to Confirm Arbitration Award.

The proposed sealed exhibits have been contemporaneously filed under seal and electronically related to this Letter Motion.

The exhibits contain confidential commercial information and materials designated "CONFIDENTIAL" ("Confidential Information") pursuant to the Confidentiality Agreement dated August 6, 2024 in the underlying FINRA arbitration between Odeon Capital Group LLC ("Odeon") and Hilltop Securities Inc. ("Hilltop"). (Ex. A, Confidentiality Agreement.) The Confidentiality Agreement provides that materials may be designated "CONFIDENTIAL" where, among other things, they contain proprietary, sensitive, customer, financial, trade-secret, research, or commercial information, and further provides that pleadings, motions, hearing transcripts, or other papers disclosing the contents of such materials shall likewise be treated as confidential.

Odeon designated the documents appearing in **Exhibits 3, 28–39, 34, and 46** ("Odeon Documents") as "CONFIDENTIAL" pursuant to the Confidentiality Agreement. It is filing them under seal because they consist of confidential communications concerning non-public business strategies, commercial relationships, and financial transactions. Public disclosure of this information would cause competitive and commercial harm and would undermine the confidentiality interests that the Confidentiality Agreement was designed to protect. The proposed sealing request is narrowly tailored and seeks to protect only genuinely confidential information. No broader sealing than necessary is requested.

Hilltop designated the documents appearing in **Exhibits 1, 9, 16–27, 32, 35, 37, and 45** ("Hilltop Documents") as "CONFIDENTIAL" pursuant to the Confidentiality Agreement. Accordingly, Odeon has filed these exhibits under seal. The Confidentiality Agreement mandates that before a party discloses Confidential Information in a public court proceeding, the parties shall take all reasonable steps to obtain an order of confidentiality or a sealing order with respect to the Confidential Information to be disclosed. (Ex. A ¶ 14.) Odeon takes no position at this time regarding whether continued sealing is warranted for these exhibits and respectfully requests that Hilltop submit a letter identifying the grounds supporting any request for continued sealing or redaction.

Accordingly, Respondent/Cross-Petitioner Odeon respectfully requests that the Court permit the Odeon Documents (**Exhibits 3, 28–39, 34, and 46**) to remain under seal and to direct Hilltop to submit a letter regarding whether continued sealing is necessary for the Hilltop Documents (**Exhibits 1, 9, 16–27, 32, 35, 37, and 45**).

Respectfully submitted,

Matthew A. Katz
100 Wall Street, 15th Floor
New York, NY 10005
(212) 277 6315
mkatz@schlaw.com

*Attorney for Odeon Capital Group LLC*